## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

TERRENCE A. WILLIAMS,

     Plaintiff,

     v.

ADRIAN JIMENEZ; AXEL
SALGADO; and MARCO LOPEZ,

     Defendants.

Case No. 6:23-cv-151-PGB-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on the following:

1.    Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Dkt. 14), filed March 14, 2023;

2.    Plaintiff's Response in Opposition to Defendants' Motion to Dismiss (Dkt. 19), filed March 29, 2023; and

3.    Plaintiff's Second Amended Complaint (Dkt. 20), filed May 29, 2023, 2023.

## I.  BACKGROUND

### A.    Plaintiff's Arrest

According to the allegations in the Second Amended Complaint, Plaintiff Terrence A. Williams was arrested by Osecola County Sheriff deputies in

March 2021 in Kissimmee, Florida. Second Amended Complaint ("2d Am. Compl.") at 4, Dkt. 20. Early one afternoon, Deputies Adrian Jimenez and Axel Salgado approached a group of individuals gathered on or near a sidewalk and directed them to gather their belongings and leave. *Id*.; *see also* Amended Complaint ("Am. Compl.") at 4, Dkt. 8. Plaintiff asked Deputy Jimenez if he was free to leave, did so, and was arrested. Am. Compl. at 4. During the arrest, Plaintiff alleges he was assaulted, pushed, shoved, and lifted by his arms. 2d Am. Compl. at 4. Once Plaintiff was arrested, he was placed in a patrol vehicle. 2d Am. Compl. at 4. He alleges he was detained in the vehicle for "many hours." *Id*. Plaintiff contends he suffered "nerve damage" from the assault and is in emotional distress from the arrest. *Id*.

### B.    Procedural History

Plaintiff, who is proceeding *pro se*, filed this lawsuit in January 2023 using the Court provided form for Complaints for Violations of Civil Rights. Dkt. 1. In his initial complaint, Plaintiff brought his claims against the the two deputies and an individual identified as a "security supervisor." Dkt. 1 at 2.

Plaintiff filed an amended complaint in February, asserting claims against the Osceola Sheriff's Office and the two deputies in their official capacities.[1] Defendants moved to dismiss that pleading because (1) the Osceola

---

[1] Plaintiff dropped the claims asserted against the "security supervisor."

Sheriff's Office was not a proper party, Dkt. 14 at 6, (2) the deputies cannot be sued under Florida law in their official capacities, *id.* at 7–8, (3) the complaint does not state a claim against the Sheriff in his official capacity under *Monell v. Dep't of Soc. Servs.*, 792 F.3d 1313 (11th Cir. 2015), *id.* at 8–10, and (4) each Defendant is entitled to qualified immunity, *id.* at 10–12.

In response to the motion, Plaintiff filed an opposition (Dkt. 19) and, without seeking leave of Court, a second amended complaint. The second amended complaint addresses many of the arguments Defendants raised against the amended complaint. For instance, Plaintiff substitutes Osceola County Sheriff Marco Lopez in place of the Osceola Sheriff's Office. *Compare* Am. Compl. at 2 *with* 2d Am. Compl. at 2. Plaintiff also dropped his official capacity claims against each Defendant, replacing them with individual capacity claims. *Compare* Am. Compl. at 2–3 *with* 2d Am. Compl. at 2–3.

## II.   LEGAL STANDARDS AND ANALYSIS

As noted above, it appears Plaintiff has attempted to respond to the motion to dismiss the amended complaint, at least in part, by filing a second amended complaint that addressed some of Defendant's arguments. Further, Plaintiff requested that the Court grant him leave to amend the complaint in the conclusion paragraph of his opposition. Dkt. 19 at 7.

Although the Court typically denies affirmative relief requested in response memoranda, here the most "just, speedy, and inexpensive

determination," Fed. R. Civ. 1, is to excuse Plaintiff's improper lodging of the second amended complaint and request to file it.[2] The Court therefore construes Plaintiff's filings as seeking leave to file a second amended complaint.

A decision whether to grant leave to amend is within the discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). But the court's discretion is circumscribed. Discretion to deny leave to amend is limited by the principle, embodied in Federal Rule of Civil Procedure 15(a) that "leave shall be freely given when justice so requires," and by the general policy embodied in the Federal Rules favoring resolution of cases on their merits. *See* Fed. R. Civ. P. 1. A court may not use its discretion either arbitrarily or in a way that undermines the basic policy of the rule. Indeed, the Supreme Court has emphasized that Rule 15(a)'s "mandate is to be heeded." *Foman*, 371 U.S. at 182. There must therefore be a "justifying reason" for a court to deny leave. *Id.*; *see also Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("substantial reason" needed). In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading only when: (1) the amendment would be prejudicial to the opposing party, (2) there has been bad

---

[2] This is so even though the liberal construction given to filings by *pro se* plaintiffs does not equate to forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

faith or undue delay on the part of the moving party, or (3) the amendment would be futile. *Foman*, 371 U.S. at 182.

Defendants do not appear to be prejudiced by granting leave to amend, as they have already filed a second motion to dismiss addressing the claims asserted in the second amended complaint. *See* Dkt. 23. There also does not appear to be any bad faith of undue delay by Plaintiff. He filed the second amended complaint the same day he responded to Defendants' first motion to dismiss, apparently in response to the arguments made in that motion. Nor can the Court say now that the claims in the second amended complaint are futile. In any event, Defendants have filed a second motion to dismiss, the Court may resolve those on their merits in response to that motion, as contemplated by the Federal Rules.

### III.   CONCLUSION

Accordingly, it is **ORDERED**:

1.      Plaintiff's Second Amended Complaint (Dkt. 20) is construed as a motion for leave to file an amended pleading and **GRANTED**.

2.      The Second Amended Complaint at docket number 20 is deemed filed and is the operative complaint

3.      Defendants' Motion to Dismiss Plaintiff's Amended Complaint

(Dkt. 14) is **DENIED AS MOOT**.

DONE and **ORDERED** in Orlando, Florida, on June 27, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record

Terrence A. Williams
900 Old Combee Road
Lot #148
Lakeland, Florida 33805